UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STERLING NATIONAL BANK, ) | |
| ) | |
| Plaintiff, ) | 17 C 5501 |
| ) | |
| vs. ) | Judge Feinerman |
| ) | |
| SECURE LOGISTICS, INC. and JAMIE POMYKALA, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

In this diversity suit, Sterling National Bank alleges that Secure Logistics, Inc. and Jamie Pomykala breached two agreements that had enabled Secure Logistics to finance the purchase of four tractors. Doc. 1; Doc. 19 (voluntarily dismissing a third defendant). Sterling now moves for summary judgment. Doc. 33. The motion is granted.

**Background**

Consistent with the local rules, Sterling filed a Local Rule 56.1(a)(3) statement of undisputed facts along with its summary judgment motion. Doc. 34. The relevant factual assertions in the Local Rule 56.1(a)(3) statement cite evidentiary material in the record and are supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). In response to Sterling's motion, Defendants filed a brief, Doc. 38, but not a Local Rule 56.1(b)(3)(B) response to Sterling's Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts.

A district court "is entitled to decide [a summary judgment] motion based on the factual record outlined in the Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765-66 (7th Cir. 2016) (internal quotation marks and brackets omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions."); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("We have … repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1.") (internal quotation marks and alteration omitted). Because Defendants did not file a Local Rule 56.1(b)(3)(B) response to Sterling's Local Rule 56.1(a)(3) statement, the court will accept as true the facts set forth in the Local Rule 56.1(a)(3) statement, viewing those facts and the inferences therefrom in the light most favorable to Defendants. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Olivet Baptist Church v. Church Mut. Ins. Co.*, 672 F. App'x 607, 607 (7th Cir. 2017) ("The district court treated most of the [defendant's] factual submissions as unopposed, because the [plaintiff] failed to contest them in the form required by Local Rule 56.1(b). We have held that the district court is entitled to enforce that rule in precisely the way it enforced the rule in this litigation."); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance with a local rule, the district court

2

justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement."); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1 … does not … automatically result in judgment for the movant. The ultimate burden of persuasion remains with [the movant] to show that [the movant] is entitled to judgment as a matter of law." *Raymond*, 442 F.3d at 608 (internal citations omitted). The court therefore will recite the facts in Sterling's Local Rule 56.1(a)(3) statement and then determine whether, on those facts, it is entitled to summary judgment. In considering Sterling's motion, the court must assume the truth of those facts, but does not vouch for them. *See Arroyo v. Volvo Grp. N. Am.*, 805 F.3d 278, 281 (7th Cir. 2015).

On May 15, 2013, Secure Logistics and GE Capital Commercial Inc. entered into a Loan Agreement under which GE agreed to finance Secure Logistics's purchase of four tractors in exchange for forty-eight consecutive monthly payments of $5,183.54 and a security interest in the tractors. Doc. 34 at ¶¶ 6, 9, 11; Doc. 34-1 at 7, 9. Pomykala, the President of Secure Logistics, personally guaranteed the loan in a contemporaneously executed Guaranty Agreement. Doc. 34 at ¶ 7; Doc. 34-1 at 13, 15. Secure Logistics received the four tractors in accordance with the Loan Agreement. Doc. 34 at ¶ 8. GE later assigned the loan to Sterling. *Id.* at ¶ 9.

Secure Logistics made thirty-three monthly payments, but failed to make the April 2016 payment or any payments due thereafter. *Id.* at ¶ 12. The Loan Agreement provides that if Secure Logistics misses a payment, Sterling is entitled to collect the entire remaining balance, a late fee of five percent of the balance, prejudgment interest at a rate of 1.5 percent per month, attorney fees, and costs. *Id.* at ¶¶ 16-18, 20. The amounts owed at the time that Sterling moved

for summary judgment were an accelerated balance of $77,753.10, a late fee of $3,628.48, prejudgment interest totaling $27,560.37, attorney fees of $18,668.00, and costs of $729.69. *Id*. at ¶¶ 19, 24. Before moving for summary judgment, Sterling repossessed and sold for $4,150.00 one of the four tractors. *Id*. at ¶ 21. Sterling informed the court in its reply brief that it later sold the remaining tractors for $8,000.00, and concedes that these amounts must be subtracted from its damages award. Doc. 39 at 4-5. Totaling the amounts owed and subtracting the proceeds from the tractor sales, Sterling is entitled to $116,189.64 (the sum of the amounts noted above, minus $4,150.00 and $8,000.00). *Id*. at 5. Sterling demanded payment from Pomykala under the Guaranty Agreement, without success. Doc. 34 at ¶¶ 13, 22.

## Discussion

The Loan Agreement provides that it is governed by Utah law. Doc. 34-1 at 12; *see Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 770 N.E.2d 177, 194 (Ill. 2002) (observing that Illinois choice-of-law principles typically mandate adherence to contractual choice-of-law provisions). Under Utah law, a plaintiff alleging breach of contract must show: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014). As to the Guaranty Agreement, neither the contract itself nor the parties address choice of law, so Illinois law applies. *See Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 677 (7th Cir. 2007) ("Where the parties have not identified a conflict in state law, we will generally apply the law of the forum state."); *McFarland v. Gen. Am. Life Ins. Co.*, 149 F.3d 583, 586 (7th Cir. 1998) ("The operative rule is that when neither party raises a conflict of law issue in a diversity case, the federal court simply applies the law of the state in which the federal court sits.") (internal quotation marks omitted). As under Utah law, a plaintiff alleging breach of contract

under Illinois law must show: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 61 N.E.3d 1155, 1159 (Ill. App. 2016); *see also Hess v. Bresney*, 784 F.3d 1154, 1158-59 (7th Cir. 2015).

It is undisputed that both Agreements are valid contracts and that Sterling performed its obligations by delivering the tractors to Secure Logistics. Doc. 34 at ¶¶ 6-8. It likewise is undisputed that Secure Logistics and Pomykala breached the Agreements. Secure Logistics failed to make monthly payments under the Loan Agreement beginning in April 2016. *Id.* at ¶ 12. The Agreement provides that failure to make a monthly payment when due constitutes default. *Id.* at ¶ 14; Doc. 34-1 at 11. Pomykala made no payments under the Guaranty Agreement, even though that Agreement provides that Pomykala must pay Secure Logistics's obligations under the Loan Agreement on demand where, as here, Secure Logistics defaults. Doc. 34 at ¶¶ 13, 22; Doc. 34-1 at 15.

Finally, Sterling suffered damages as a result of the breaches. The Loan Agreement provides that, in the event of default, Secure Logistics must pay the total amount owing on the loan plus late fees, prejudgment interest, attorney fees, and costs. Doc. 34 at ¶¶ 16-18; Doc. 34-1 at 7, 9. The Guaranty Agreement provides that Pomykala must pay those amounts if Secure Logistics does not. Doc. 34 ¶ 15; Doc. 34-1 at 15. As noted, the total amount owed is $116,189.64. Doc. 34 at ¶¶ 19, 21, 24; Doc. 33 at 1-2; Doc. 34-1 at 4-5; Doc. 39 at 4-5.

Defendants do not contest Sterling's interpretation of the Agreements or assert that they complied therewith. Instead, Defendants argue that they have created material disputes of fact because their answers deny Sterling's factual assertions. Doc. 38 at 1. Defendants are mistaken,

5

as "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Modrowski v. Pigatto*, 712 F.3d 1166, 1168–69 (7th Cir. 2013) ("The nonmovant … must go beyond the pleadings (e.g., produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor.") (internal quotation marks and citations omitted). Moreover, as noted, Defendants' failure to properly respond to Sterling's Local Rule 56.1(a)(3) statement resulted in the admission of Sterling's assertions.

Defendants also argue that summary judgment is inappropriate because the parties have conducted only "minimal" discovery. Doc. 38 at 2. Defendants cite no legal authority to support this argument, which accordingly is forfeited. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("We have made clear … that it is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel, and we have warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (internal quotation marks and brackets omitted). Even if Defendants had cited Civil Rule 56(d), which allows a non-movant faced with a summary judgment motion the opportunity to seek additional time to take discovery, their argument still would fail. Rule 56(d) requires that the non-movant "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Thus, a party invoking Rule 56(d) "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Defendants do not explain why they need more time to take discovery, nor do they attach an affidavit or declaration of any kind to their summary judgment response.

Finally, Defendants argue that they "should have the opportunity to submit documentation of payments made in order to contest the extent of Plaintiff's damages." Doc. 38 at 2. Defendants had that opportunity when they filed their opposition to Sterling's summary judgment motion, *see* Fed. R. Civ. P. 56(c)(1); N.D. Ill. L.R. 56.1(b), but they neither contested the facts underlying Sterling's damages calculation in the manner provided for in the Local Rules nor submitted any evidence calling Sterling's damages calculation into question.

In sum, because the record indisputably shows that Defendants failed to pay the amounts due under the Loan and Guaranty Agreements and that they owe what Sterling claims that they owe, Sterling is entitled to summary judgment on its contract claims.

## Conclusion

For the foregoing reasons, Sterling's summary judgment motion is granted. Sterling is awarded $116,189.64 against Secure Logistics and Pomykala. Sterling has agreed to dismiss its remaining claims, replevin and detinue against Secure Logistics, Doc. 35 at 4, so final judgment will be entered.

August 22, 2018

United States District Judge